UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:08-CR-00012 RM |
| ) | |
| JOE AVINA (01) ) | |
| REBECCA LYNN TORRES-RIOS(02) ) | |

OPINION and ORDER

Joe Avina pleaded guilty in June 2008 to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and at that time also agreed to "forfeit any and all interest . . . in the property that was seized at the time of the search warrant, specifically including firearms, scales, narcotics, and currency." Plea Agree., ¶ 9(j). A preliminary order of forfeiture was entered on August 11, 2008 affording any person claiming a legal interest in the property proposed to be forfeited thirty days to petition the court to adjudicate the validity of their interest.

On September 11, the St. Joseph County Prosecutor's Office Child Support Division filed a Petition to Adjudicate Validity of Interest on behalf of Alisia Garza and Yolanda Melendez seeking to recover child support arrearage judgments entered against Mr. Avina in the St. Joseph Probate Court and assigned by Ms. Garza and Ms. Melendez to the Prosecutor's Office. In response, the government has moved to dismiss the third-party petition for failure to state a claim upon which relief may be granted. Because a forfeiture proceeding is essentially civil in

nature, the court's consideration of the government's motion to dismiss is governed by the standards set forth in Federal Rule of Civil Procedure 12(b), making dismissal of the petitioner's claim appropriate "only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" United States v. Grossman, 501 F.3d 846, 848 (7th Cir. 2007) (*quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Criminal forfeiture actions are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. Following the entry of a preliminary order of criminal forfeiture, any person claiming a legal interest in the subject property may petition the court for a hearing to adjudicate the validity of the claim, 21 U.S.C. § 853(n)(2); FED. R. CIV. P. 32.2(c)(1), but where, as here, the property sought by the petitioner consists only of a money judgment, no ancillary proceeding is required. FED. R. CRIM. P. 32.2(c)(1). A challenge to a criminal forfeiture requires the petitioner to demonstrate by a preponderance of the evidence "a legal right, title, or interest in the property, and [that] such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A).[1]

---

[1] A petitioner may also prevail by establishing that she was a bona fide purchaser without cause to believe the property was subject to forfeiture, *see* 21 U.S.C. § 853(n)(6)(B), but the petitioner has made no such claim in these proceedings.

The sufficiency of the "legal interest" under 21 U.S.C. § 853(n) is determined by looking to "the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest. . . . If the court determines the claimant has an interest in the property under the laws of the jurisdiction that created the property right, then . . . it must next look to federal law, *i.e.*, to 21 U.S.C. § 853(n)(6), to determine if the claimant will prevail." United States v. Timley, 507 F.3d 1125, 1130 (8th Cir. 2007).

The child support arrearage judgments obtained by the Prosecutor's Office qualify as valid legal interests under Indiana law, *see* IND. CODE §§ 31-16-16-2, -3, but those judgments can't create an interest for the Prosecutor's Office in the proceeds of Mr. Avina's criminal conduct. "[T]he proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests." United States v. Timley, 507 F.3d 1125, 1130 (8th Cir. 2007); *see also* United States v. Hooper, 229 F.3d 818, 821-822 (9th Cir. 2000) ("both civil and criminal forfeiture statutes are consistent in denying relief to transferees of proceeds of the crime causing forfeiture, unless those transferees are bona fide purchasers for value without notice"); United States v. Brown, 509 F. Supp. 2d 1239, 1244 (M.D. Fla. 2007) (adopting the government's argument that "because the interest of the United States in proceeds of crime arises at the time at which the crime is committed that generates the proceeds, logic and law dictate that, in a forfeiture case involving proceeds, a petitioner cannot assert a preexisting interest").

3

The interest of the Prosecutor's Office in Mr. Avina's drug sale proceeds could not have arisen before the illegal acts giving rise to the forfeiture, and at the time of the commission of those crimes, all proceeds of the crimes became the property of the government. *See* United States v. Emerson, 128 F.3d 557, 567 (7th Cir. 1997) ("[O]nce the government wins a judgment of forfeiture, the relation-back doctrine provides that the right, title, and interest in the forfeited property vests in the United States at the time the defendant committed the offense that gives rise to the forfeiture."). Accordingly, because the Prosecutor's Office isn't entitled to the relief it seeks, the court GRANTS the government's motion to dismiss [docket # 72] the petition to adjudicate the validity of interest [docket # 70].

SO ORDERED.

ENTERED:   January 16, 2009


　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court


cc:    Ethan C. McKinney, DPA, St. Joseph County Prosecutor's Office